# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE MUNDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. TAYLOR, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01681 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMORPARY RESTRAINING ORDER<br><br>(Document 21) |

Plaintiff Jonathan W. Mundo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 5, 2015. After the Court granted Plaintiff's motion to amend, he filed a Third Amended Complaint on January 19, 2016.

By separate order, the Court dismissed the Third Amended Complaint with leave to amend. The time for filing an amended complaint has not yet passed.

On January 22, 2016, Plaintiff filed a request for a temporary restraining order and/or preliminary injunction.

**A.    DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

1

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

At this stage of the proceedings, Plaintiff has not stated any claims for relief. The Magistrate Judge dismissed his Third Amended Complaint with leave to amend, and he has not yet filed an amended complaint. As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief.

Further, even assuming Plaintiff will be able to cure the deficiencies in his claims and set forth one or more viable federal claims, he is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. This means that any request for equitable relief must be sufficiently related to the claims before the Court.

Plaintiff's Third Amended Complaint sets forth a failure to protect claim arising from events in 2015 at Centinela State Prison. In his request for equitable relief, however, Plaintiff complains that he was "verbally assaulted, threatened and intimidated on January 13, 2016," by an unknown prison officer, and that his legal mail was withheld. ECF No. 21, at 4. He believes that he is being retaliated against because of his legal actions and requests an order ensuring a "non-threatening, harassment-free accessible route to the prison facility law library, during the utilization of the prison facility law library, and en-route back to Plaintiff's quarters of confinement." ECF No. 21, at 2.

Plaintiff's requested relief therefore falls outside of the scope of this action and he is not entitled to such relief.

**B.     FINDINGS AND RECOMMENDATION**

The Court therefore RECOMMENDS that Plaintiff's motion for equitable relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **January 29, 2016**              /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE

3