UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. TAYLOR, ARIAS, RAYBON, and SAIGADO,<br><br>　　　　　Defendants. | No. 1:15-cv-01681-DAD-GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 33) |

　　　　Plaintiff Jonathan W. Mundo is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  He filed this action on November 5, 2015.  (Doc. No. 1.)

　　　　On May 18, 2016, the court screened plaintiff's fourth amended complaint and found that it stated a claim against defendants Taylor, Arias, Raybon and Salgado for deliberate indifference to a substantial risk of serious harm to plaintiff in violation of the Eighth Amendment.  Plaintiff was ordered to either amend his complaint, or notify the court of his willingness to proceed only on the Eighth Amendment/failure to protect claim that had been found to be cognizable.  (Doc. No. 29.)  On June 15, 2016, plaintiff filed a fifth amended complaint, which is currently awaiting screening.  (Doc. No. 32.)

　　　　On January 22, 2016, plaintiff filed a motion for a temporary restraining order.  (Doc. No. 21.)  Thereafter, on January 29, 2016, the assigned magistrate judge issued findings and

1

1  recommendations recommending that plaintiff's motion for a temporary restraining order be
2  denied on the basis that the court lacked jurisdiction to grant preliminary relief because no
3  operative complaint had been filed.  (Doc. No. 24 at 2.)  The assigned magistrate judge
4  alternatively recommended that plaintiff's motion be denied because his previously dismissed
5  complaint presented a failure to protect claim stemming from an incident at Centinela State
6  Prison in 2015, while his motion for a temporary restraining order complained of verbal threats
7  and harassment in 2016 and sought relief aimed at his access to the prison library.  Accordingly,
8  the magistrate judge concluded that plaintiff "is not entitled to any relief that is not narrowly
9  drawn to correct the violation of his rights at issue in this action."  (Doc. No. 24 at 2.)[1]  On March
10 29, 2016, this court adopted the magistrate judge's alternative recommendation and denied
11 plaintiff's motion for temporary restraining order.  (Doc. No. 28 at 3.)

12       On August 12, 2016, plaintiff filed a motion for reconsideration of the court's March 29,
13 2016, order denying his motion for a temporary restraining order.  (Doc. No. 33.)

14       District courts "possess[] the inherent procedural power to reconsider, rescind, or modify
15 an interlocutory order for cause seen by it to be sufficient."  *City of L.A., Harbor Div. v. Santa*
16 *Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks
17 omitted).  A motion for reconsideration, however, "should not be granted . . . unless the district
18 court is presented with newly discovered evidence, committed clear error, or if there is an
19 intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F. 3d 656,
20 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)).
21 Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests
22 of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.
23 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*,
24 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation
25 such as this requires the finality of orders be reasonably certain.").

26

---

27 [1] Plaintiff's fourth amended complaint filed February 10, 2016, stated similar claims as those previously presented, all relating to an alleged failure to protect incident that occurring at
28 Centinela State Prison in 2015.  (Doc. No. 26; see also Doc. No. 28 at 2.)

1   Here, plaintiff seeks reconsideration of the denial of his motion for temporary restraining order because he has allegedly been subject to additional harassment since the March 29, 2016, order denying the requested preliminary relief.  (*See* Doc. No. 33 at 1.)  Such allegations do not entitle plaintiff to the requested preliminary relief in this action.  As both the assigned magistrate judge and the undersigned have explained to plaintiff, any request for equitable relief must be sufficiently related to the claims pending before this court.  This civil rights action relates to a failure to protect claim arising from events which allegedly took place in 2015 at Centinela State Prison.  Plaintiff's most recent allegations of harassment at his current institution of confinement made in both his motion for temporary restraining order and the instant motion for reconsideration are not related in any way to the claim presented in this case.

Plaintiff's motion for reconsideration (Doc. No. 33) is therefore denied.

IT IS SO ORDERED.

Dated:   **September 8, 2016**

_____
UNITED STATES DISTRICT JUDGE