# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WAYNE MUNDO,<br><br>     Plaintiff,<br><br>  v.<br><br>A. TAYLOR, et al.,<br><br>     Defendants. | 1:15-cv-01681-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CLAIMS AGAINST DEFENDANT TAYLOR BE DISMISSED FROM THIS ACTION, AND CLAIMS AGAINST DEFENDANTS SALGADO, RAYBON, AND ARIAS BE TRANSFERRED TO SOUTHERN DISTRICT OF CALIFORNIA**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS** |

## I. BACKGROUND

   Plaintiff Jonathan W. Mundo ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 5, 2015. (ECF No. 1.)  On November 30, 2015, Plaintiff filed the First Amended Complaint.  (ECF No. 13.)  On December 9, 2015, Plaintiff lodged the Second Amended Complaint.  (ECF No. 16.)  On January 6, 2016, Plaintiff filed a motion to amend and lodged the Third Amended Complaint.  (ECF Nos. 17, 18.)  On January 20, 2016, the court granted Plaintiff's motion to amend and filed the Third Amended Complaint.  (ECF Nos. 19, 20.)  The court screened the Third Amended Complaint and issued an order on January 29, 2016, dismissing the complaint

for failure to state a claim, with leave to amend.  (ECF No. 25.)  On February 10, 2016, Plaintiff filed the Fourth Amended Complaint.  (ECF No. 26.)  The court screened the Fourth Amended Complaint and issued an order on May 18, 2016, requiring Plaintiff to either amend the complaint or notify the court that he was willing to proceed only on the Eighth Amendment claims found cognizable by the court.  (ECF No. 29.)  On June 15, 2016, Plaintiff filed the Fifth Amended Complaint which is now before the court for screening.  (ECF No. 32.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF FIFTH AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Southern Desert Correctional Center in Indian Springs, Nevada.  The events at issue in this case allegedly occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California, and at Centinela State Prison ("CSP") in Imperial, California, when Plaintiff was incarcerated at those facilities in the custody of the California Department of Corrections and Rehabilitation.   Plaintiff names as defendants PVSP Classification Staff Representative A. Taylor, CSP Correctional Counselor F. Salgado, CSP Correctional Counselor Raybon, and CSP Facility Captain Arias.

Plaintiff's allegations follow.  In 2014, at PVSP D-Yard, Plaintiff was approached by his friend, another inmate.  He informed Plaintiff that he overheard inmate Amaya (also known by his monikor "Sneaks") say he was going to kill Plaintiff because of Plaintiff's brother's involvement in a gang feud.

A few minutes later, inmate Amaya and another inmate asked Plaintiff if he wanted to play basketball.  Plaintiff declined and began walking to the other side of the yard to wait for the tower officer to recall the yard.

Once the yard was recalled, Plaintiff walked towards the medical office and told the officer coming out of the office that his life was in danger and he could no longer program safely on D-Yard.  The officer handcuffed Plaintiff and escorted him to the program office where he was interrogated about the incident.

Plaintiff was then taken to Administrative Segregation and interviewed by two IGI officers.  The officers assured Plaintiff that Inmate Amaya would be placed on his offender separation list using a CDCR 812 form.

The next day Plaintiff was transferred to A-Yard, where he was told he had no listed enemies. Plaintiff programmed safely on A-Yard for several months.  On May 15, 2015, Plaintiff was endorsed to CSP through an auditor action authored by defendant Taylor. Defendant Taylor noted that Plaintiff had offender separation alerts under "enemy concerns." Defendant Taylor also noted Plaintiff's confidential file, which indicated that inmate Amaya was a perceived real and imminent threat who is capable of substantially harming Plaintiff and that Amaya poses a serious risk, making separation necessary. Defendant Taylor, despite

3

having knowledge of the actual location of both inmates at the time he authored the auditor action, ignored the information and continued the endorsement.

Plaintiff arrived at CSP on May 29, 2015.

On June 9, 2015, Plaintiff was called into the program office where defendants Salgado, Raybon, and Arias were waiting to commence a Unit Classification Committee ("UCC") hearing. During the hearing, defendants Salgado, Raybon, and Arias noted both Plaintiff's confidential file and offender separation alerts.

Defendants Salgado, Raybon, and Arias ignored the information regarding the location of Plaintiff's enemies listed in the offender separation alerts and confidential file and caused harm to Plaintiff. They never took action to prevent Plaintiff from being housed with Amaya during his brief stay at CSP.

After the UCC hearing, Plaintiff walked out into the hallway where other inmates were within arm's reach and he proceeded to the exit past the inmate workers when he heard defendant Salgado yell to him, "You better watch your back for snitching, motherfucker." ECF No. 32 at 10 ¶13. Plaintiff pretended not to hear him.

On July 7, 2015, while Plaintiff was in the gym bathroom, an inmate approached and said, "Sneaks got a message for you," and then punched Plaintiff in the face and walked away. ECF No. 32 at 10 ¶14. This fractured Plaintiff's nose and caused it to bleed.

Prior to this incident, Plaintiff had witnessed the inmate who punched him ingest heroin. The inmate told Plaintiff that he wanted him to help him sell drugs. Plaintiff declined. Plaintiff did not inform the officials immediately of the incident, but continued to wash his face because his nose was bleeding.

At 7:00 p.m.-8:00 p.m., while Plaintiff was in his bunk, he heard a knock on the cell door and noticed a kite slide under his door. Plaintiff read the kite, which said, "If you don't sell the drugs for us and make your decision by the morning, we're going to kill you." ECF No. 32 at 10 ¶17.

///

At midnight, Plaintiff informed the graveyard officer that he could no longer program

on that yard, and that he feared for his safety.

At 6:00 a.m. the next morning, Plaintiff was taken to the program office and interrogated about the incident.  Plaintiff told the officers that he had seen the inmate doing heroin, and that he mentioned "Sneaks" and punched him.  (Plaintiff doesn't believe that the officers included the physical assault in their report, in order to escape liability.)  The officers asked Plaintiff if he knew that inmate Amaya was on the yard with him, and Plaintiff said, "No."  ECF No. 32 at 10 ¶19.

The officers called defendant Raybon into the office and instructed her to fix Plaintiff's offender separation alerts and she said, "Okay, okay."  ECF No. 32, at 11 ¶20.  The officers asked Plaintiff if he knew that inmate Amaya was behind the assault, and he said, "Yes."  ECF No. 32, at 11 ¶21.

Plaintiff had a psychological breakdown and the officers called in a physician.  The physician said that the events had caused Plaintiff to have a mental disorder, and that he needed to be transferred to an institution that could accommodate his mental health needs.

Plaintiff now takes medication so that he can be stable, and he needs to see a psychologist on a regular basis.  He states that he has been traumatized by these events and can no longer function normally without his medication.

Plaintiff requests monetary damages.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); <u>see</u> <u>also</u> <u>Marsh v. Cnty. of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").   A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"   <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).   "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."   <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743).   This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."   <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Claims Against Defendant Taylor

Plaintiff brings claims against defendant Taylor for failure to protect him in violation of the Eighth Amendment, and for negligence.

#### 1.   Legal Standards

##### a.   Failure to Protect – Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.   <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).   Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.   <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted).   Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners, because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.   <u>Farmer</u>, 511 U.S. at 833-34 (quotation marks omitted); <u>Clem v. Lomeli</u>, 566 F.3d 1177, 1181 (9th Cir. 2009); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

### b.    Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Violation of state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

### 2.    Discussion

Plaintiff alleges that defendant Taylor, Classification Staff Representative at PVSP, arranged Plaintiff's transfer from PVSP to CSP, while knowing and ignoring the fact that Plaintiff's enemy, inmate Amaya, was housed at CSP. Plaintiff brings claims against defendant Taylor for failure to protect him under the Eighth Amendment and negligence under state law.

Plaintiff's allegations are not sufficient to state an Eighth Amendment claim against defendant Taylor. The mere fact that defendant Taylor transferred Plaintiff to CSP while knowing that Plaintiff's enemy was also housed at CSP does not show that defendant Taylor acted with deliberate indifference. Plaintiff alleges no facts demonstrating that the transfer was improper. It is not unconstitutional for an inmate and his enemies to be housed at the same correctional facility. Measures can be taken to separate an inmate and his enemies, eliminating the risk of harm.[1]

Moreover, there are no facts in the Fifth Amended Complaint showing that defendant Taylor did not notify officials at CSP about Plaintiff's enemies. In fact, Plaintiff alleges that officials at CSP knew that inmate Amaya was Plaintiff's enemy. ECF No. 32 at 9 ¶10. Thus, Plaintiff has not alleged any facts showing that defendant Taylor acted with deliberate indifference or that any action by defendant Taylor caused violation of Plaintiff's rights. Therefore, the court finds that Plaintiff fails to state a claim against defendant Taylor under the Eighth Amendment.

The court also finds that Plaintiff fails to state a negligence claim against defendant Taylor. Plaintiff has not shown that defendant Taylor breached a duty owed to Plaintiff when he transferred Plaintiff to CSP. Moreover, because the court fails to find any cognizable federal claims against defendant Taylor, the court may not exercise supplemental jurisdiction over Plaintiff's negligence claim. Therefore, Plaintiff's negligence claim fails.

Based on the above, the court finds that Plaintiff fails to state any cognizable claim against defendant Taylor upon which relief may be granted under § 1983, and the claims against defendant Taylor should be dismissed.

**B.    Claims Against Defendants Salgado, Raybon, and Arias – Improper Venue**

Plaintiff's claims against defendants Salgado, Raybon, and Arias arise from events occurring at Centinela State Prison in Imperial, California. Venue for those claims is not proper in this district and those claims may not be pursued in this action.

---

[1] Plaintiff himself acknowledges in the Fifth Amended Complaint that he safely programmed on A-Yard at PVSP for months while his enemy was also at PVSP in a different yard. ECF No. 32 at 8-9 ¶7.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

In this case, defendants Salgado, Raybon, and Arias do not reside in this district.  The claims against them arose at Centinela State Prison in Imperial, California, located in Imperial County, which is in the Southern District of California.  Therefore, Plaintiff's claims against defendants Salgado, Raybon, and Arias are properly brought in the United States District Court for the Southern District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Venue for Plaintiff's claims arising at Centinela State Prison is improper in this district, and therefore Plaintiff's claims against defendants Salgado, Raybon, and Arias in this case should be transferred to the United States District Court for the Southern District of California.

## V.    CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff fails to state any claims in the Fifth Amended Complaint against defendant Taylor upon which relief may be granted.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed six complaints.  The court finds that the deficiencies in Plaintiff's claims against defendant Taylor outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii);  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's claims against defendant Taylor should be dismissed for failure to state a claim, without leave to amend.

///

///

The court also finds that venue is improper in this district for Plaintiff's claims which arose at Centinela State Prison, and therefore those claims, against defendants Arias, Raybon, and Salgado, should be transferred to the Southern District of California.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.   Plaintiff's claims against defendant Taylor be dismissed for failure to state a claim, without leave to amend; and

2.   Plaintiff's claims against defendants Arias, Raybon, and Salgado be transferred to the Southern District of California, closing the case in this district.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.   The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 8, 2017**__            _____**/s/ Gary S. Austin**_____
                                                                 UNITED STATES MAGISTRATE JUDGE