UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN W. MUNDO,<br><br>Plaintiff,<br><br>v.<br><br>A. TAYLOR et al.,<br><br>Defendants. | No. 1:15-cv-01681-DAD-GSA<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 42) |

Plaintiff Jonathan W. Mundo is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 15, 2016, plaintiff filed the fifth amended complaint in this action. (Doc. No. 32.) On March 8, 2017, the assigned magistrate judge screened plaintiff's fifth amended complaint and issued findings and recommendations recommending that (1) plaintiff's claims against defendant Taylor be dismissed without leave to amend; and (2) plaintiff's claims against defendants Salgado, Arias, and Raybon be transferred to the U.S. District Court for the Southern District of California. (Doc. No. 42.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto be filed within thirty days. (*Id.*) On March 23, 2017, plaintiff filed objections to the findings and recommendations. (Doc. No. 45.)

1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
2    court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
3    including plaintiff's objections, the court declines to adopt the March 8, 2017 findings and
4    recommendations.

5    Plaintiff's fifth amended complaint alleges substantially identical facts as those presented
6    in his fourth amended complaint. (*Compare* Doc. No. 32, *with* Doc. No. 26.) In screening
7    plaintiff's fourth amended complaint, the then-assigned magistrate judge concluded that plaintiff
8    pled facts sufficient to state an Eighth Amendment claim against defendants Taylor, Salgado,
9    Arias, and Raybon. (Doc. No. 29 at 5–6.) Moreover, the then-assigned magistrate judge
10   concluded that plaintiff failed to allege compliance with the exhaustion requirements of
11   California's Government Claims Act and dismissed plaintiff's negligence claim with leave to
12   amend. (*Id.* at 6–7.)

13   Having reviewed plaintiff's fifth amended complaint, this court agrees with the magistrate
14   judge's prior conclusion of May 18, 2016, with respect to plaintiff's claims under the Eighth
15   Amendment. Specifically, plaintiff alleges that defendant Taylor had knowledge of plaintiff's
16   relatively safe assignment to A-Yard at Pleasant Valley State Prison ("PVSP"). Despite this
17   knowledge, defendant Taylor allegedly endorsed transfer of plaintiff to Centinela State Prison
18   ("CSP"), citing the same underlying safety concerns that resulted in plaintiff's reassignment to A-
19   Yard. Moreover, plaintiff alleges that defendants Salgado, Arias, and Raybon were aware of and
20   nevertheless ignored information regarding the location of plaintiff's enemies listed in offender
21   separation alerts and in his file, when they authorized his stay at CSP. These facts, if true, are
22   sufficient to give rise to a plausible inference that defendants were deliberately indifferent to
23   conditions posing a substantial risk of serious harm to plaintiff. In addition, these same facts
24   support a claim of negligence under California law. In his fifth amended complaint plaintiff has
25   alleged that he filed a claim with the California Victim Compensation and Government Claims
26   Board, and that the Board rejected the substance of that claim on April 21, 2016.[1]

---

[1] The fifth amended complaint does note, however, that the Board also denied plaintiff's application for leave to present a late claim. (*See* Doc. No. 32 ¶ 32.)

2

In short, the undersigned concludes that the allegations of plaintiff's fifth amended complaint are sufficient to support both an Eighth Amendment claims and a negligence claim against all defendants.

For the reasons set forth above,

1. The court declines to adopt the March 8, 2017 findings and recommendations (Doc. No. 42);
2. Plaintiff shall proceed on his fifth amended complaint against all defendants on (a) his claim brought pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment; and (b) his negligence claim under state law; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **July 6, 2017**

UNITED STATES DISTRICT JUDGE