| | |
|---|---|
| JONATHAN WAYNE MUNDO, | 1:15-cv-01681-DAD-GSA-PC |
| Plaintiff, | **ORDER IN RESPONSE TO DEFENDANTS' REQUEST FOR CLARIFICATION** |
| v. | **(ECF No. 54.)** |
| A. TAYLOR, et al., | |
| Defendants. | |

**I. BACKGROUND**

Jonathan W. Mundo ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 5, 2015. This case now proceeds with the Fifth Amended Complaint filed on June 15, 2016, against defendants A. Taylor (Pleasant Valley State Prison Classification Staff Representative), F. Salgado (Centinela State Prison ("CEN") Correctional Counselor), Raybon (CEN Correctional Counselor), and Arias (CEN Facility Captain). (ECF No. 32.)

On October 6, 2017, Defendants filed a request for clarification of the court's Discovery and Scheduling Order. (ECF No. 54.)

1

## II. REQUEST FOR CLARIFICATION

On October 3, 2017, the court issued a Discovery and Scheduling Order in this case. (ECF No. 53.) Defendants request clarification of Section III.A. of the order, which provides:

> All motions asserting failure to exhaust administrative remedies must be filed on or before **01/03/18.** The issue of exhaustion must be raised by either (1) a procedurally proper motion for summary judgment, or (2) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the failure to exhaust is clear on the face of the complaint. If the parties believe that discovery related to exhaustion is necessary, they may request discovery pursuant to Federal Rule of Civil Procedure 56(d). Requests for limited discovery must be made **within 30 calendar days** of the date of service of any motion asserting failure to exhaust. A party may also request that discovery, other than discovery related to exhaustion, be stayed pending the resolution of an exhaustion motion.

(ECF No. 53 at 3:19-26 ¶III.A.)

Defendants question why the court's order requires them to formally request permission to engage in exhaustion-based discovery before propounding it. Defendants assert that Rule 56(d) provides the non-movant an opportunity to obtain discovery to oppose an already pending summary-judgment motion, and does not require the moving party to seek leave of the Court to engage in exhaustion-based discovery before filing a motion. Considering that discovery is now open for all purposes in this case, Defendants believe they are permitted to engage in discovery on all issues, including exhaustion, without specific leave from the court.

Under Rule 56(d), the court may allow time to "obtain affidavits or declarations or to take discovery" when a non-moving party cannot present facts essential to justify its opposition to a motion for summary judgment. Fed. R. Civ. P. 56(d)(2). Analogously, Section III.A. of the court's Discovery and Scheduling order is meant to allow time for the non-movant to conduct discovery for opposition to an exhaustion motion. The court's order allows the parties to request that discovery be limited only to exhaustion-based discovery pending resolution of an exhaustion motion. This provision allows the parties to resolve the issue of exhaustion, which may be dispositive to Plaintiff's claims, without being required to propound or respond to discovery requests concerning issues which may not be necessary to the resolution of the case. See Zweig v. Hearst Corp., 521 F.2d 1129, 1135–36 (9th Cir. 1975) ("Summary judgment has, as one of its most important goals, the elimination of waste of the time and

resources of both litigants and the courts in cases where a trial would be a useless formality"); see also Comm. of Russian Fed. on Precious Metals and Gems v. United States, 987 F.Supp. 1181, 1183 (N.D. Cal. 1997) ("The purpose of summary judgment or summary adjudication is to avoid unnecessary trials when there is no dispute as to the facts before the court"); accord UMG Recordings, Inc. v. Glob. Eagle Entm't Inc., No. CV1403466MMMJPRX, 2015 WL 12778410, at *3 (C.D. Cal. Nov. 25, 2015).

Defendants are correct that at this stage of the proceedings, discovery is open for all purposes in this case, and Defendants are permitted to engage in discovery on all issues, including exhaustion, without specific leave from the court.

## III. CONCLUSION

Accordingly, this order HEREBY RESOLVES Defendants' request for clarification filed on October 6, 2017.

IT IS SO ORDERED.

Dated: **October 12, 2017**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE